UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONNIE DIXON,

v.  Case No.   8:02-cr-397-T-24TBM
    8:06-cv-689-T-24TBM

UNITED STATES OF AMERICA.

_____/

## **ORDER**

This cause is before the Court on Defendant Ronnie Dixon's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-1; cr-49).

BACKGROUND

On April 8, 2003, Dixon pled guilty to counts one, two and three of the Indictment. Count one charged Dixon with conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii). Count two charged Dixon with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) and 924(c)(1)(A)(i). Count three charged Dixon with felon in possession of a firearm in violation of 18 U.S.C. § § 922(g) and 924(e)(1). (Doc. cr-1 [Indictment]; cr-42 [Judgment]).

On November 12, 2003, the Court sentenced Dixon to 262 months incarceration as to counts one and three, with the sentences running concurrently to each other, and to 60 months incarceration as to count two, with the count two sentence running consecutive to the sentence in counts one and three. The undersigned district court judge signed the

judgment on that day. Dixon did not appeal the conviction or sentence.

## DISCUSSION

Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. See 28 U.S.C. § 2255.

### Motion To Vacate Is Time-Barred

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment becomes final. Dixon's conviction became final on November 22, 2003, when the time for filing a direct appeal had passed; thus, he had until November 23, 2004, to file a timely section 2255 motion. See Adams v. United States, 173 F.3d 1339, 1342 (11th Cir. 1999) (when defendant does not pursue direct appeal, conviction becomes final when time

for filing a direct appeal expires).

Dixon has submitted a copy of a motion to vacate dated November 11, 2004, which he allegedly sent to the United States Attorney's Office on November 17, 2004.  <u>He did not file a copy of that 2004 motion to vacate in this court.</u>  Rule 3(a) of the Rules on Motion Attacking Sentence under Section 2255 requires that the Defendant file an original and two copies of the motion <u>with the clerk [of the Court]</u>.  Dixon did not comply with Rule 3(a), and his present motion to vacate, which was not filed in this Court until April 19, 2006, is time-barred.

Any allegation that the motion to vacate is timely because the date on the presently-filed motion is November 11, 2004 has no merit.  Any such allegation would be invoking the mailbox rule which does not apply in this case because Dixon did not forward the motion to vacate <u>to this Court</u> in 2004. In <u>Houston v. Lack</u>, 487 U.S. 266 (1988), the Court held that a prisoner's filing is deemed filed when it is delivered to prison authorities for forwarding <u>to the Court</u>. However, the prisoner mailbox rule is construed strictly. An inmate does not receive the benefit of the rule if he has failed to meet his responsibility of doing all he reasonably can to ensure documents are received for filing in a timely manner. For example, a prisoner cannot invoke <u>Houston</u> if his document is filed late because of his failure to affix proper postage, <u>to properly address outgoing mail</u>, or to follow reasonable prison regulations governing outgoing legal mail. See <u>Dison v. Whitley</u>, 20 F.3d 185, 186-87 (5 th Cir.1994). Nor does that rule apply if a pro se prisoner delivers his notice of appeal to someone outside the prison system for forwarding to the court. See <u>Knickerbocker v. Artuz</u>, 271 F.3d 35, 37 (2d Cir.2001).

Furthermore, Dixon did not demonstrate due diligence in determining whether his

motion to vacate reached this Court. There is authority for the proposition that a prisoner may forfeit his right to invoke the mailbox rule by failing to exercise reasonable diligence in ascertaining the status of his filing after delivering a mailing to prison authorities. See Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) ("A prisoner who delivers a document to prison authorities gets the benefit of the prison mailbox rule, so long as he diligently follows up once he has failed to receive a disposition from the court after a reasonable period of time." ); see generally Drew v. Department of Corrections, 297 F.3d 1278, (11th Cir.2002) (in different context, finding that habeas petitioner had not diligently attempted to confirm status of order where he waited 16 months before inquiring to clerk's office).

Dixon has not described any exceptional circumstances that warrant equitable tolling in this case.

Accordingly, the court orders:

That Dixon's motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. cv-1; cr-49)  is denied, with prejudice, as time-barred. The Clerk is directed to enter judgment against Dixon in the civil case and to close that case.

ORDERED at Tampa, Florida, on April 21, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

AUSA:  James A. Muench
Pro se: Ronnie Dixon